UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
                                                                         :
DON KING PRODUCTIONS, INC., a Florida corporation,                       :
and TREVOR BRYAN, an individual,                                         :
                                                                         :
                              Plaintiffs,                                :   **COMPLAINT**
                                                                         :
              -against-                                                  :
                                                                         :   21 Civ. ___
WORLD BOXING ASSOCIATION,                                                :
a Washington nonprofit organization,                                     :
                                                                         :
                              Defendant.                                 :
                                                                         :
------------------------------------------------------------------------ X

Plaintiffs, DON KING PRODUCTIONS, INC. ("DKP") and TREVOR BRYAN, by and through undersigned counsel, for its complaint against Defendant, WORLD BOXING ASSOCIATION ("WBA") , allege as follows:

**NATURE OF THE ACTION**

1. This action seeks a declaratory judgment requiring Defendant WBA to enforce its Rule to remove Mahmoud Charr as Champion in Recess because his status as Champion in Recess has been "for a period longer than the applicable defense period," and his first bout since his prolonged inactivity was against someone "other than the Interim Champion." Plaintiffs also seek injunctive relief to enjoin the WBA from failing to enforce its Rules with respect to Charr's status as Champion in Recess.

**JURISDICTION AND VENUE**

2. This Court possesses jurisdiction pursuant to 28 U.S.C. §1332(a) as the parties are of diverse citizenship, and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interests and costs. This Court possesses supplementary jurisdiction of the state law claims asserted herein pursuant to 28 U.S.C. §1367.

3. This Court possesses personal jurisdiction over Defendant pursuant to NYCPL §302(a)(1). Among other things, Defendant has regularly been transacting business, soliciting business and/or engaged in a persistent course of conduct within the state of New York through its engagement in sanctioning professional boxing matches in New York on a routine basis for many years. Moreover, to that end, Defendant has also been involved in multiple litigation matters in New York and, more specifically, in this District.

4. Venue is proper in this district under 28 U.S.C. §§1391(b) and (c).

## THE PARTIES

5. Plaintiff DKP is a corporation organized and existing under the laws of the State of Florida, with its principal place of business in Deerfield Beach, Florida. DKP is engaged in the business of promoting first class boxing matches throughout the world. DKP is the exclusive, world-wide promoter of Plaintiff Trevor Bryan.

6. Plaintiff TREVOR BRYAN is an individual over the age of eighteen (18), is *sui juris* and resides in Pompano Beach, Florida. Bryan is a professional boxer and is currently the WBA World Heavyweight Champion.

7. Defendant WBA is a non-profit corporation organized under the laws of the State of Washington, with its principal place of business in the Republic of Panama. The WBA is engaged in rating professional boxers and sanctioning professional championship boxing matches throughout the world, including within this District.

## GENERAL ALLEGATIONS

### *Mahmoud Charr Becomes the WBA Heavyweight Champion and Is Subject the WBA Rules That Apply to His Title*

8. On November 25, 2017, Charr defeated Alexander Ustinov to win the vacant the WBA World Heavyweight Championship.

9. Pursuant to the WBA's Rules and Regulations, Charr was required to defend his title within a specific period of time.

10. Namely under Rule C.12(a), "[a] boxer [in the Heavyweight Division] who obtains a title in an eliminatory fight for a vacant title must make his initial title defense as follows . . . One Hundred and eighty days (180) from the date the title was obtained."

### *Charr Openly and Repeatedly Defies The Applicable WBA Rules*

11. Charr did not comply with the WBA Rules in this regard, primarily as a result of his inability to obtain a travel visa to allow for him to participate such a bout and Charr's own conduct.

12. By way of example, in June, 2018, Charr was scheduled to defend his Championship title against Fres Oquendo.

13. During a pre-bout drug test conducted by the Voluntary Anti-Doping Association, Charr tested positive for a banned substance which resulted in: (a) the bout being cancelled, and (b) Charr being suspended

14. In addition, since 2017, Charr has engaged and/or retained a revolving door of promoters and representatives.

15. DKP has engaged in discussions and negotiations with each of Charr's representatives in an attempt to organize the mandatory bout between Charr and Bryan.

16. On March 6, 2019, after Charr failed to re-consummate the previously scheduled

3

(and cancelled) bout against Fres Oquendo, the WBA ordered a negotiation period between Charr (and his representatives) Bryan (and his promoter DKP).

17. During the period of time when efforts were being made to secure a bout, Charr engaged in communications with a different promoter, which adversely impacted the efforts being engaged in by DKP and Charr's representative at the time, GSM.

18. Ultimately, Charr signed an exclusive promotional rights agreement with Epic Sports and DKP, but refused to sign multiple bout agreements for the Bryan fight despite his minimum purse being guaranteed at a minimum of $1,000,000 - a figure well above the purse that would be guaranteed to Charr had he actually undergone a "purse bid" as required by the WBA Championship Rules.

19. A purse bid is an initial step in arranging a professional boxing match, involving the fight's promoter(s). All interested registered promoters may bid on the amount of the purse (the total money that the fighters will be paid for the match), if the sides representing each fighter fail to agree on it before the deadline. The highest offer wins; however, the winning entity must produce a small percentage of the total amount up-front by a certain date. The purse in a purse bid is split between the fighters according to the preset formulas of the sanctioning commissions. Purse bids are often won by one of the two fighters' promoters.

20. As such, the bout between Charr and Bryan could not be scheduled given Charr's refusal to sign a bout agreement.

21. As a result of Charr's failure to sign a bout agreement to fight Bryan, the WBA ordered a purse bid to take place on March 2, 2020 for the rights to promote the Charr versus Bryan bout.

22. DKP won the purse bid with a $2,000,000 bid and the WBA ordered the bout to

take place by May 30, 2020.

23. The bout did not occur on that date as a result of the COVID-19 pandemic.

24. On November 30, 2020, as major sports around the world, including boxing, began to participate in sporting events, the WBA ordered that the Charr-Bryan WBA World Heavyweight Title match take place no later than January 29, 2021 and that signed bout agreements from Charr and Bryan be submitted to the WBA no later than December 20, 2020.

25. On December 4, 2020, DKP provided a bout agreement to Charr and his representatives for Charr's execution (with copy to the WBA).

26. Charr refused to sign the bout agreement despite being advised that the bout agreement needed to be signed for purposes of obtaining a P1 Visa for Charr to travel to the United States.

27. Namely, Charr was specifically advised that the bout agreement needed to be signed by December 11, 2020 so that efforts could be made to commence the US Visa application process.

28. Any delay by Charr in signing the bout agreement would delay the US Visa application process and result in a failure of complying with the WBA imposed deadline of January 29, 2021 for the bout to take place.

29. On December 7, 2021, one of Charr's representatives advised DKP that Charr would not sign the bout agreement and would instead only sign a different form of bout agreement issued by the WBA despite the fact that the WBA cannot obligate the winner of a purse bid to use that version of the bout agreement.

30. DKP then sought intervention from the WBA.

31. On December 7, 2020, WBA Championship Committee Chairman, Carlos Chavez, advised Charr and his representatives, as follows:

> *The winner of the Purse Bid was Don King Productions and THEY ARE RESPONSIBLE FOR THE CONTRACT AND ITS SIGNATURE.*
>
> *The WBA Championship Committee makes sure that the contract meets the minimum requirements, that is, that the contract specifies the date and place of the fight and is duly signed by both boxers.*
>
> *Please be advise that in our previous communication, dated November 30, we informed both parties that the date for the fight – January 29, 2021 – IS FINAL. THE WBA WILL NOT ACCEPT DELAYS OF ANY KIND.*
>
> *Should any or both fighters (Charr or Bryan) fail to sign the contract he or they will LOSE THEIR POSITION AS CHAMPION or/and MANDATORY CHALLENGER.*
>
> *The bout contracts should be properly signed and delivered to the Championships Committee Chairman within twenty (20) days from the date of our previous notification, November 30*

32. Despite the WBA's clear directive, on December 8, 2020, Charr proceeded to submit a WBA bout agreement and failed to sign the required DKP bout agreement.

33. The WBA did not recognize the signed bout agreement and the bout with Bryan did not occur thereby causing DKP to lose, *inter alia*, several potential sponsors for the bout.

34. Nevertheless, in an effort to once again promote the bout and in an additional sign of good faith, DKP filed an I-129 Petition with the U.S. Department of Homeland Security seeking a P-1 Visa for Charr so that he could participate in a bout against Bryan on January 29, 2021 in the United States.

35. On January 22, 2021, much to DKP's surprise, Charr's counsel advised as follows:

> Though obtaining a Visa was the responsibility of DKP, my client has been successful in obtaining one. He is picking it up on Tuesday morning. I have personally seen the confirmation.

36. DKP requested a copy of the Visa, which turned out to be a B1/B2 Business Visitor/Tourist Visa from the U.S. Consulate office in Frankfurt, Germany.

37. At the time that he sought this Visa, Charr was fully aware that DKP had already petitioned for a P1 Visa.

38. Moreover, the B1 Visa that Charr was approved for does not allow him to work (*i.e.,* participate in a bout) in the United States.

39. Under U.S. Immigration laws, an individual on a visitor visa (B1/B2) is not permitted to accept employment or work in the United States. https://travel.state.gov/content/travel/en/us-visas/tourism-visit/visitor.html.

40. Despite their actual or implied knowledge regarding what the B1 Visa will permit Charr to do, Charr requested that DKP move forward with booking flights to the United States to participate in the bout with Bryan, which would be in violation of U.S. Federal and Immigration laws, which DKP refused to participate in, or even entertain.

41. Charr's conduct in this regard comes with consequences addressed by the WBA Rules.

### The WBA's Rules Dictate The Consequences of Charr's Conduct, Yet the WBA Is Unwilling to Enforce These Rules

42. Rule C.22 of the WBA Rules states that when a champion is unable to defend the title belt at the time specified, whether for medical, legal or any other reason beyond his control, the WBA Championship Committee may appoint him as "Champion in Recess."

43. In addition, under Rule C.22 of the WBA Rules, the WBA may also contact other contending fighters to participate in a bout for the WBA World Heavyweight Championship.

44. Finally, Rule C.22 states that "[i]n general, the status of a 'Champion in Recess' may not be for a period longer than the applicable defense period."

45. In addition, WBA Rule C.27, entitled "Title Vacation and/or Removal of Recognition," provides:

> A boxer's title, status, or recognition may be lost, removed, or vacated for any of the following reasons:
>
> a. Loss in a bout (see Rule C.15);
>
> b. Violation of Association rules; or
>
> c. Suspension, charges, or criminal conduct alleged or found by a national, state, or provincial agency.

46. WBA Rule C.47 states that "[t]he Committee and the President in their sole discretion shall consider the best interests of boxing, the purposes and policies of the Association, and such other factors that may be relevant, and shall make their best effort to balance competing interests."

47. As a result of Charr's failure to defend his world title for 38 months, rather than remove Charr's title as permitted by Rule C.27, the WBA declared Charr as the "Champion in Recess."

48. As such, consistent with its Rules, the WBA contacted Bryan, through DKP, and Bermane Stiverne ("Stiverne") to participate in a bout for the WBA World Heavyweight Championship, which was to occur on January 29, 2021.

49. On January 29, 2021, Bryan defeated Stiverne and became the WBA World Heavyweight Champion.

50. On March 17, 2021, the WBA Championship Committee issued Resolution No. 202103171702 ("Resolution") regarding the WBA World Heavyweight Championship.

51. In the Resolution, Decision III (B) states: "...Charr and Trevor Bryan must fight no later than 120 days from January 29th, in other words, the title bout must happen by May 30, 2021."

52. Charr remains unable to travel to the United States given his inability to obtain a P-

8

1 travel visa.

53. On May 15, 2021, Charr defeated Christopher Lovejoy, an unranked opponent, in a match in Cologne, Germany.

54. Given that this matter is outside of Bryan's control, Bryan has requested that the WBA enforce its rules and change Charr's status as the "Champion in Recess" given that his status has been "for a period longer than the applicable defense period," which contravenes Rule C.22.

55. So long as Charr is the Champion in Recess, he continues to possess his right to return and have his status altered pursuant to Rule C.23, which provides:

> When a Champion in Recess returns after having overcome to the satisfaction of the Championship Chairman whatever obstacle that caused his inactivity, the [WBA] may order a title bout between the Champion in Recess and the Interim Champion [*i.e.*, Bryan], if one exists, or against another boxer designated by the Committee.

56. Charr's failure to be approved for a visa eliminates the United States, one of the biggest global boxing markets, as the site for the World Heavyweight title bout between Bryan and Charr.

57. Bryan, a Champion fighter of U.S. descent and DKP, his U.S. promoter, are precluded from hosting a Heavyweight Championship bout against Charr in the United States, which is causing Bryan and DKP serious harm.

58. So long as Charr is the Champion in Recess and possesses the right to have his status altered pursuant to Rule C.23, DKP's ability to effectively promote a bout for Bryan against other leading contenders is substantially impacted.

59. Namely, other fighters are reluctant to participate in a bout against Bryan until such time as Charr's overly extended Champion in Recess status is addressed by the WBA.

60. To make matters worse and in order to circumvent the WBA Rules, Charr has

proceeded to file a special permit, which the WBA has granted, which grants Charr permission to participate in a bout on May 15, 2021 against Christopher Lovejoy ("Lovejoy") in Cologne, Germany.

61. Given that Charr will be participating in a bout against Lovejoy, yet cannot travel to the United States to participate in a bout against Bryan (thereby leaving Bryan on the sideline), Bryan should not be required to have his professional career be held hostage while the WBA continues to make accommodations for Charr yet fails to enforce its rules.

62. In addition, by virtue of the permission that the WBA has granted to Charr, it leaves various questions unanswered which further cause harm to Bryan.

63. The permission granted to Charr by the WBA does not address all of the consequences of Charr losing to Lovejoy.

64. For example, if Lovejoy were to defeat Charr, there is no indication from the WBA that Charr would lose his status as the Champion in Recess.

65. Equally, there is no clarity provided by the WBA as to how Charr's status would be impacted if he were to prevail in his bout against Lovejoy, despite the portion of Rule C.23 that provides that "[a] Champion in Recess cannot defend his title as Champion in Recess, and may lose his status if he boxes anyone other than the Interim Champion."

66. As a direct result of Charr's conduct and the WBA's failure to properly address the consequences of this situation, DKP and Bryan's rights are uncertain and they have suffered and will continue to suffer damages.

67. DKP and Bryan have retained the undersigned law firm and has agreed to pay it a reasonable fee for its services.

68. All conditions precedent to the institution of this action have been satisfied,

discharged, excused, and/or waived.

## COUNT I
## REQUEST FOR DECLARATORY RELIEF

69. Plaintiffs incorporate each and every allegation in paragraphs 1 through 66, *supra*, as if fully set forth herein.

70. An actual, bona fide controversy exists between DKP, Bryan and the WBA as to whether the WBA should or must enforce its Rules in removing Charr's status as Champion in Recess given that, *inter alia*, his status as Champion in Recess has been "for a period longer than the applicable defense period," and his first bout since his prolonged inactivity will be against someone "other than the Interim Champion."

71. An actual bona fide controversy exists between DKP, Bryan and the WBA in this regard, and there is imminent and inevitable litigation on that issue, as well as a direct, substantial and present interest at issue.

72. Accordingly, this Court should determine that given Charr's prolonged inactivity, inability to obtain a travel visa, and his actions in participating in a bout against someone other than Bryan, the WBA must remove Charr's status as the Champion in Recess.

## COUNT II
## REQUEST FOR INJUNCTIVE RELIEF

73. Plaintiffs incorporate each and every allegation in paragraphs 1 through 66, *supra*, as if fully set forth herein.

74. This is a cause of action for injunctive relief to enjoin the WBA from failing to enforce its Rules with respect to Charr's status as the Champion in Recess in the Heavyweight Division.

75. DKP and Bryan possess a clear legal right or interest in the enforcement of the WBA's Rules given that the application of those Rules impacts Bryan's ability to participate in

11

bouts and in DKP's ability to promote Bryan's bouts.

76. There is a substantial likelihood of success that DKP and Bryan will succeed on the merits of their claim.

77. DKP and Bryan are likely to suffer irreparable harm if the requested injunctive relief is not granted given that Bryan will be forced to forego participation in bouts against rival boxers who are unwilling to engage in discussions with Bryan or DKP unless and until the WBA clarifies Charr's status.

78. Given that rival boxers are not willing to engage in such dialogue, the amount of harm being caused by the uncertainty caused by the WBA is unknown at this time.

79. Moreover, in failing to be able to promote any such bouts for Bryan, DKP's business reputation and goodwill will be substantially damaged.

80. DKP and Bryan possess no adequate remedy at law.

81. The injury to DKP and Bryan outweighs any threatened harm the injunction may cause to the WBA since the WBA can continue to operate its businesses in compliance with its Rules without the necessity of violating DKP and Bryan's rights.

82. The injunction will not disserve the public interest.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, DON KING PRODUCTIONS, INC. and TREVOR BRYAN, respectfully request that this Honorable Court enter a judgment in their favor:

(a) declaring that the WBA's Rules and Regulations require that the WBA remove Charr's status as the Champion in Recess

(b) enjoining the WBA from failing to enforce its Rules with respect to Charr's status as the Champion in Recess in the Heavyweight Division;

(c) enjoining the WBA from continuing to permit Charr to possess a status as the Champion in Recess in the Heavyweight Division; and/or

(d) for any such other and further relief as this Honorable Court deems just and proper.

Dated: June 2, 2021

Respectfully submitted,

CURTIS, MALLET-PREVOST,
  COLT & MOSLE LLP

By:  /s/Jonathan J. Walsh
     Jonathan J. Walsh
101 Park Avenue
New York, New York 10178-0061
(212) 696-6000

Alejandro Brito, Esq. (*pro hac vice* pending)
ZARCO EINHORN SALKOWSKI &
  BRITO, P.A.
One Biscayne Tower
2 South Biscayne Boulevard
34th Floor
Miami, FL 33131
305-374-5418

*Attorneys for Plaintiffs*