UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
                                                  :

DON KING PRODUCTIONS, INC. and
TREVOR BRYAN,  :  **ORDER GRANTING MOTION TO DISMISS**

                            Plaintiffs, :

        -against-  :  21 Civ. 4885 (AKH)

WORLD BOXING ASSOCIATION,  :

                            Defendant. :

------------------------------------------------------------ X

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Plaintiffs Don King Productions, Inc. ("DKP") and Trevor Bryan (collectively "Plaintiffs") bring this suit against Defendant World Boxing Association ("Defendant") for declaratory and injunctive relief and for damages caused by Defendant's failure to enforce its rules governing boxing bouts, and for failing to return warranty deposits DKP made in advance of two fights, not scheduled to occur in New York, that never took place. Before me now is Plaintiff's Second Amended Complaint ("SAC"), (ECF No. 43), and Defendant's motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), improper venue under Fed. R. Civ. P. 12(b)(3), and failure to join a necessary party under Fed. R. Civ. P. 12(b)(7). (ECF No. 44). Plaintiff opposes, arguing that Defendant waived or forfeited its personal jurisdiction defense by failing to assert it as a defense in its answer or, if not, that Defendant is subject to personal jurisdiction; that venue is proper under 28 U.S.C. § 1391(b)(3) because Defendant is subject to personal jurisdiction; and that joinder of the cited nonparty is not required under Fed. R. Civ. P. 19. (ECF No. 48).

1

I hold that Defendant has neither waived nor forfeited its personal jurisdiction defense. Defendant's motion to dismiss the original complaint included lack of personal jurisdiction. Plaintiffs filed a First Amended Complaint, mooting Defendant's motion and, in response, Defendant denied the personal jurisdiction allegations. Defendant did not abandon that defense in its jointly-proposed case management plan, instead expressly objecting to both jurisdiction and venue in its joint letter to the Court, dated November 10, 2021. On January 20, 2022, Defendant requested a referral for mediation, which the Court granted. In the interim, Plaintiffs requested and obtained leave to file a Second Amended Complaint, adding new allegations of misconduct, entirely new claims, and requesting different relief.

Although Defendant opposed the motion without including its defense, there is no indication of waiver or forfeiture. Waiver requires an "intentional relinquishment of a known right." *Hamilton v. Atlas Turner, Inc.*, 197 F.3d 58, 61 (2d Cir. 1999). Forfeiture "is the failure to make the timely assertion of a right," *United States v. Olano*, 507 U.S. 725, 733 (1993), and a litigant's action or inaction may "incur the consequence of loss of a right[] or . . . defense." *Hamilton*, 197 F.3d at 61. Defendant timely raised its defense at the earliest opportunity and has continued to assert it throughout. Defendant's conduct therefore is inconsistent with an intention to relinquish the defense, precluding a finding of waiver. In addition, while participating in the litigation process, Defendant has not "forgone" multiple "opportunities" to raise the defense, precluding a finding of forfeiture. *Cf. id.* at 62 (finding forfeiture of personal jurisdiction defense where the defendant "participated in pretrial proceedings but never moved to dismiss for lack of personal jurisdiction despite several clear opportunities to do so during the four-year interval after filing its answer").

As to personal jurisdiction, Plaintiffs allege that Defendant is subject to jurisdiction under N.Y. C.P.L.R. § 302(a)(1)—New York's general jurisdiction statute. However, Defendant cannot be subject to general jurisdiction in New York because it is incorporated in the state of Washington and has its principal place of business in Panama. It is therefore not "at home" in the jurisdiction and cannot, as a matter of New York statutory law or the federal Constitution, be subject to general jurisdiction. *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (holding that, consistent with the Due Process Clause, a court ordinarily may only exercise general jurisdiction over a corporation that is incorporated in, or has its principal place of business, in the forum state); *Aybar v. Aybar*, 169 A.D.3d 137, 142–43 (2019) (holding that in light of *Daimler*'s alteration of the jurisprudential landscape, taking advantage of the privilege of doing business in the state of New York can no longer afford a basis for exercising general jurisdiction). Accordingly, the motion to dismiss for lack of personal jurisdiction is granted.

Defendant's challenge to venue similarly was not waived. The defense is meritorious. Plaintiffs allege that venue is proper under §§ 1391(b) and (c), and "[a]mong other things, [that] venue is proper . . . [because] Defendant is subject to the Court's personal jurisdiction." SAC ¶ 8. Under 28 U.S.C. § 1391, a civil action may be brought in a judicial district in which the defendant resides, § 1391(b)(1); a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, § 1391(b)(2); or, if there is no district in which an action may otherwise be brought, any judicial district in which the defendant is subject to the court's personal jurisdiction with respect to such action, § 1391(b)(3). Section 1391(c) further provides that a corporate entity resides, for venue purposes, in any judicial district in which it is subject to the court's personal jurisdiction with respect to the action in

question. Venue is not proper under Section 1391(b)(1) because Defendant is not subject to personal jurisdiction and therefore does not "reside" here; venue is not proper under Section 1391(b)(2) because Plaintiff does not allege that the bouts at issue and giving rise to its claims were scheduled to take place in New York; and, venue is not proper under Section 1391(b)(3) because Defendant *is* subject to suit in another district—in its state of incorporation, Washington—and Defendant is *not* subject to personal jurisdiction in this district. Accordingly, the motion to dismiss for improper venue is granted, and because I dismiss for both lack of personal jurisdiction and improper venue, I need not reach Defendant's alternative argument under Fed. R. Civ. P. 12(b)(7).

For the reasons provided above, the motion to dismiss is granted as to lack of personal jurisdiction and improper venue and denied as to Plaintiffs' failure to join a necessary party. The Clerk of Court shall terminate the motion (ECF No. 44) and close the case.

SO ORDERED.

Dated:  June 14, 2022                  /s/ Alvin K. Hellerstein
        New York, New York             ALVIN K. HELLERSTEIN
                                       United States District Judge